### 31399. MORGAN *v.* THE STATE.

DECIDED JANUARY 9, 1947.

*James R. Venable, Frank A. Bowers, Frank T. Grizzard,* for plaintiff in error.

*Eugene Cook, Attorney-General, Roy Leathers, Solicitor-General, Henry N. Payton, Margaret Hartson,* contra.

BROYLES, C. J. J. H. Morgan was tried on an indictment charging him with the offense of rape in DeKalb County, Georgia. He was convicted of an assault with intent to rape; his motion for a new trial was overruled, and that judgment is assigned as error. The evidence, while authorizing the jury to find that the defendant was guilty as charged, did not demand such a finding, but also authorized the verdict returned.

Ground 4 of the motion for new trial complains of the admission in evidence, over the defendant's objection, of "a little memorandum book of the defendant containing names and addresses and found in his possession, the book containing the name and address of the prosecutrix, together with other names and addresses." The only objection, *made at the time of the admission of the evidence,* was that it "was not relevant to the issues in the case." However, the facts stated in the ground fail to show that the admission of the evidence was prejudicial to the accused.

Ground 5 assigns error on the ruling permitting the prosecutrix to testify that the defendant told her that he was a "bootlegger." The objection to the testimony was that it "was irrelevant and had no connections in this case." In order for this court to determine whether the evidence was irrelevant and had no connection with the case, it would be necessary to refer to the brief of the evidence; and therefore, under repeated rulings of this court, the ground is not complete and understandable within itself and raises no question for consideration.

Special grounds 6, 9, and 11 are not unqualifiedly approved by the trial judge, and therefore can not be considered by this court.

Ground 7 alleges that the court erred in allowing several named witnesses to testify that the character and reputation of the prosecutrix, in the community where she lived, was good, the objection to such testimony being that it "was irrelevant, immaterial, and had nothing to do with his attacking the witness [prosecutrix], as the State contended." Again, this court, in order to determine whether the testimony was admissible, because of previous testimony by some of the defendant's witnesses tending to show that the character and reputation of the prosecutrix was bad, would have to refer to the brief of evidence. Therefore the ground is not complete and understandable within itself and can not be considered.

674

Ground 8 complains of the following excerpt from the charge of the court: "The defendant enters upon the trial of the case with the presumption of innocence in *his favor, and that* presumption remains with him throughout the entire trial until and unless the State has overcome and removed it by the introduction of testimony, in your presence and hearing, sufficient to convince your minds beyond a reasonable doubt, of the guilt of the accused." The excerpt was not error for any reason assigned. *Bass* v. *State,* 152 *Ga.* 415 (4) (110 S. E. 237); *Aiken* v. *State,* 170 *Ga.* 895 (4) (154 S. E. 368).

Special ground 10 assigns as error the following excerpt from the charge: "In order to sustain a conviction for the offense of rape, there must be corroborating evidence in addition to that of the female alleged to have been raped." The ground alleges that the excerpt was an incomplete statement of the law, confusing to the jury and prejudicial to the defendant. The ground fails to show cause for a new trial. The movant was indicted for rape, but was convicted of an assault with intent to rape; and, "under repeated decisions of the Supreme Court and of this court, where one is convicted of a lesser offense than that charged in the indictment, an error of commission or of omission in the charge upon the greater offense is harmless error." *Dean* v. *State,* 57 *Ga. App.* 871 (1) (197 S. E. 73). We are not, however, ruling that the charge was error.

The court did not err in denying a new trial.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*